UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Lorenda Edwards,<br><br>   Plaintiff,<br><br>  v.<br><br>Genesco, Inc.<br><br>   Defendant. | Case No. 4:25-cv-00452<br><br>Jury Trial Demanded |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Pol. Consultants*, 591 U.S. 610, 613 (2020).

2. Defendant Genesco, Inc. ("Genesco") has contributed to this barrage of telephone spam by initiating illegal text messages to Plaintiff Lorenda Edwards ("Edwards") and thousands of others like her.

3. In December of 2024, Edwards requested that Genesco's text messages stop. But Genesco continued to send her telemarketing text messages.

4.      Unfortunately, this is not the first time Genesco has been sued for spamming consumers after they asked for the text messages to stop.[1]

5.      Edwards brings this action individually and on behalf of putative class members who likewise were spammed by Genesco after asking for the messages to stop.

## JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

7.      This Court has personal jurisdiction over Genesco because Genesco targeted its telemarketing text messages into Texas. Specifically, Genesco initiated or directed the transmission of telemarketing text messages to Edwards' cellular telephone number to sell goods and services in Texas. Genesco sells merchandise through its online channels targeting individuals in every state, including Texas. Genesco conducts nationwide SMS telemarketing that targets consumers in every state, including Texas. Genesco also operates multiple storefronts throughout the state of Texas. Further, Edwards has a phone number with a 469 area code which is a Texas area code. Thus, Genesco knew, or constructively knew, that its text messages were being sent to a consumer in Texas.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of events giving rise to this lawsuit occurred in this district and plaintiff resides in this district.

---

[1] *See e.g. Kirkpatrick v. Genesco, Inc. d/b/a Journeys*, No. 1:21-CV-1369 (BKS/CFH) (N.D.N.Y. Dec. 22, 2021).

## PARTIES

9. Plaintiff Lorenda Edwards is a citizen of Texas, residing in the city of Nevada, Texas.

10. Defendant Genesco, Inc. is a Tennessee corporation with its principal place of business in Nashville, Tennessee.

## FACTUAL ALLEGATIONS

11. Edwards is the residential telephone subscriber and user of the cell phone number 469-338-7448. Edwards uses this number at home. Edwards makes and receives all of her personal calls and text messages on this phone number. This is Edwards' only phone number, and Edwards does not use this phone number in any business.

12. Genesco describes itself as "a leading retailer and wholesaler of branded footwear, apparel and accessories with net sales for Fiscal 2025 at $2.3 billion."[2]

13. Genesco operates "1,278 retail footwear, apparel, and accessory stores located primarily throughout the United States and Puerto Rico."[3]

14. Genesco sells its products through branded ecommerce websites.[4]

15. On or before November 22, 2024, Edwards began receiving telemarketing text messages from Journeys.

16. Journeys is a Genesco brand.

17. The text messages to Edwards came from the short code 20101.

18. The short code 20101 is Journeys' promotional short code number.[5]

---

[2] *See* Genesco, Inc.'s 2025 10-K filed March 26, 2025, at 4. https://www.sec.gov/Archives/edgar/data/18498/000095017025044864/gco-20250201.htm.
[3] *Id.*
[4] *Our Brands. Our Company*, GENESCO, https://www.genesco.com/.
[5] *See Terms of Use*, JOURNEYS, https://www.journeys.com/customer-service/privacy#terms

19. On December 5, 2024, Edwards texted "STOP" to 20101 but continued to receive telemarketing messages. Those messages are as follows:

i. November 22, 2024 at 7:29 PM UTC from 20101
Journeys: 50% off 'Tis The Season Savings! Save on Sneakers, Boots, Casuals & MORE (!!) Start shopping now: https://bit.ly/4eHXEPC Help:1-888-324-6356

ii. November 27, 2024 at 6:14 PM UTC from 20101
Journeys: The BIGGEST Converse sale of the year! Save 25-30% off ALL Converse! (yes, ALL) Shop now: https://bit.ly/4i6EaXY Help:1-888-324-6356

iii. December 2, 2024 at 4:11 PM UTC from 20101
Journeys: Cyber Monday Deals Are Here! Get, gift & give up to 50% off (!!) Adult: https://bit.ly/41dr9py Kidz: https://bit.ly/49iV0Pk Help:1-888-324-6356

iv. December 5, 2024 at 1:06 PM UTC from 469-338-7448 to 20101
**STOP**

v. December 9, 2024 at 7:16 PM UTC from 20101
Journeys: Monday Markdowns right this way! 450+ styles to choose from (!!) Ready, set, GIFT: https://bit.ly/49KWvGp Help:1-888-324-6356

vi. December 13, 2024 at 7:34 PM UTC from 20101
Journeys: Merry GIFTmas! Save up to 55% off select styles (!!) Claus a scene & shop: https://bit.ly/41wQCu2 Help:1-888-324-6356

vii. December 26, 2024 at 7:13 PM UTC from 20101
Journeys: Start the New Year off with SAVINGS! Shop & save up to 50% off (!!) Shop: https://bit.ly/41SdaFU Help:1-888-324-6356

viii. January 10, 2025 at 7:17 PM UTC from 20101
Journeys: Bundle up with Winter savings starting at $19.98 (!!) Adults: https://bit.ly/4h9QW6z Kidz: https://bit.ly/4agOjOm Help:1-888-324-6356

ix. January 25, 2025 at 4:09 PM UTC from 20101
Journeys: Save on sneakers for every season! Up to 55% off select sneakers happening NOW! Shop Now: https://bit.ly/3CnTAH9 Help:1-888-324-6356

20. The text messages from 20101 to 469-338-7448 were sent by Genesco.

21. Genesco sends text messages from the short code 20101.

22. Genesco uses Salesforce ("SF").

23. Genesco used SF Marketing Cloud to send SMS from 20101 to 469-338-7448.

24. Genesco used SF Service Cloud to send SMS from 20101 to 469-338-7448.

25. Genesco used SF MobileConnect to send SMS from 20101 to 469-338-7448.

26. Genesco used Twilio for Salesforce to send SMS from 20101 to 469-338-7448.

27. Genesco used a Twilio integration with Salesforce to send SMS from 20101 to 469-338-7448.

28. Genesco used Twilio to send SMS from 20101 to 469-338-7448.

29. In total, Edwards received at least 5 telemarketing text messages from Genesco after she told Genesco to stop.

30. She received 2 of these SMS more than 30 days after making her stop request.

31. As demonstrated by the above messages, Genesco does not honor consumer requests to opt-out of telemarketing text messages.

32. Genesco has not instituted the requisite procedures for maintaining a list of persons who request not to receive telemarketing text messages, as evidenced by Genesco's text messages to Edwards after she made a stop request.

33. Therefore, Genesco sent telemarketing text messages to Edwards prior to implementing and maintaining proper internal do not call list procedures.

34. The purpose of the text messages was to encourage Edwards to purchase shoes or other goods from Genesco.

35. Notably, the text messages sent from 20101 do not have opt-out instructions, even though "STOP" is universally recognized—by the FCC and courts around the country—as the clearest form of opt-out request.

36. Further, opt-out instructions are a standard requirement outlined in the Principles and Best Practices manual published by the CTIA, the trade association that represents every major wireless carrier in the country.[6]

37. Genesco's failure to provide opt-out instructions in its text messages provides further evidence of its failure to adequately implement policies and procedures necessary for maintaining an internal do-not-call list.

38. Genesco's text messages are a nuisance and annoyance to Edwards. The texts have invaded Edwards' privacy. And they have diminished the value of Edwards' phone and her enjoyment of life.

## LEGAL STANDARD

39. **Internal Do Not Call Procedures**. "No person or entity shall initiate… any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls." 47 C.F.R. § 64.1200(d). Telemarketers "must honor a residential subscriber's do-not-call request." *Id.* at 64.1200(d)(3).

40. **Application to Text Messages**. "The rules set forth in paragraph (c) and (d) of [47 C.F.R. § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

---

[6] *See* CTIA Messaging Principles and Best Practices, May 2023, at p. 13 of 22; https://api.ctia.org/wp-content/uploads/2023/05/230523-CTIA-Messaging-Principles-and-Best-Practices-FINAL.pdf ("Message senders should state in the message how and what words affect an opt-out.").

## CLASS ACTION ALLEGATIONS

41.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), Edwards brings this action on behalf of all other persons similarly situated.

42.     Edwards proposes the following Class:

**The Internal Do Not Call Class:** All persons in the United States, (1) to whom Genesco initiated, or caused to be initiated, (2) more than one text message promoting goods or services within any 12-month period, (3) after receiving a do not call request, (4) within the last four years prior to the filing of this action through the date class notice is sent.

### NUMEROSITY

43.     Edwards does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

44.     Class members are identifiable through phone records and phone number databases.

### COMMONALITY

45.     There are questions of law and fact common to Edwards and the class members including but not limited to:

  i.     Whether Genesco instituted the requisite internal do not call procedures.

 ii.     Whether Genesco honors opt-out or "stop" requests.

iii.     Whether Genesco's text messages constitute telemarketing.

 iv.     Whether Edwards and class members are entitled to statutory damages and treble damages.

### TYPICALITY

46.     Edwards' claims are typical of the claims of the class members. Edwards' claims, like the class members' claims, arise out of the same common course of conduct by Genesco and are based on the same legal and remedial theories.

### ADEQUATE REPRESENTATION

47.     Edwards is an adequate representative of the class because Edwards' interests do not conflict with the interests of the class members, Edwards will fairly and adequately protect the interests of the class members, and Edwards is represented by counsel skilled and experienced in class actions, including TCPA class actions.

### PREDOMINANCE OF COMMON QUESTIONS

48.     Common questions of law and fact predominate over questions affecting only individual class members.

### SUPERIORITY

49.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

50.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Failure to Honor Opt-Out Requests
(On Behalf of Plaintiff and the Internal Do Not Call Class)

51. Genesco violated 47 C.F.R. § 64.1200(d) by initiating, or causing to be initiated, text messages to Edwards and the Internal Do Not Call Class without instituting the requisite procedures for maintaining a list of persons who request not to receive such text messages.

52. Edwards and members of the Internal Do Not Call Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

53. The court should award $1,500 in statutory damages for each knowing or willful violation. *Id.*

## RELIEF REQUESTED

Edwards respectfully requests the Court grant the following relief:

A. Certification of the proposed Class;

B. Appointment of Edwards as class representative;

C. Appointment of the undersigned as lead counsel for the Class;

D. An award of damages to Edwards and class members, as allowed by law;

E. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Edwards requests a jury trial as to all claims of the Complaint so triable.

DATED: April 30, 2025                                    Respectfully submitted,

/s/ *Reid Hudson*

Reid Hudson
Miss. Bar No. 6945276
The HQ Firm, P.C.
7533 S. Center View Ct. #4424
West Jordan, UT 84084
385-440-4129
reid.hudson@thehqfirm.com

*Lead Attorney for Plaintiff*

10